# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:15-cv-00228-MR-DLH

| | |
|---|---|
| JOHN W. RUTLAND III, <br> JOSEPH L. ELLEN and wife, <br> DONNA M. ELLEN, <br> CARL W. BRIDENSTINE and wife, <br> CYNTHIA S. BRIDENSTINE, <br><br>       Plaintiffs, <br><br> vs. <br><br> TERRI HOPE DUGAS, ANTHONY M. MILICI and wife, PATHUMWAN MILICI, and SELENA MICHELLE MILICI, <br><br>       Defendants, <br><br> TERRI HOPE DUGAS, <br><br>       Third-Party Plaintiff, <br><br> vs. <br><br> UNITED STATES DEPARTMENT OF AGRICULTURE – FOREST SERVICE, ANTHONY PHILLIPS, and JOSEPH and GLORIA HALL, <br><br>       Third-Party Defendants. | **O R D E R** |

**THIS MATTER** is before the Court on the Second Motion for Extension of Time to Respond to U.S. Forestry Service's Motion to Dismiss and Alternative Motion for Summary Judgment [Doc. 19], the Motion for Expedited and Limited Discovery [Doc. 20], and Motion to Lift Stay for Limited Purpose [Doc. 24] filed by the Defendant and Third-Party Plaintiff Terri Hope Dugas.

## I. PROCEDURAL BACKGROUND

On September 30, 2015, the Plaintiffs initiated this action by filing a Complaint and Immediate Request for Temporary Restraining Order against Defendants Terri Dugas ("Dugas"), Anthony M. Milici and wife, Pathumwan Milici, and Selena Michelle Milici in the General Court of Justice for McDowell County, North Carolina, Superior Court Division. [Doc. 1-1]. Defendant Dugas was served on or about October 1, 2015. On October 7, 2015, Dugas filed an Answer and Third-Party Complaint, adding the United States Department of Agriculture -- Forestry Service ("USFS"), among others, as third-party Defendants in this action. Dugas then immediately removed the action to this Court pursuant to 28 U.S.C. § 1442(a)(1), which allows removal to the district court of those actions which names as a defendant the United States or any agency thereof.

On December 8, 2015, USFS filed a motion seeking to dismiss this action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Alternatively, USFS moved for summary judgment on these same grounds pursuant to Federal Rule of Civil Procedure 56. [Doc. 12].

On December 18, 2015, the Court entered an Order staying this action pending resolution of USFS's motion. The Court also gave notice to Dugas that the Court intended to treat USFS's motion as one for summary judgment under Rule 56. Accordingly, Dugas was given an extension of fourteen (14) days to respond to USFS's motion. The Court further stated: "Should Dugas determine that she requires any discovery prior to responding to USFS's Motion, she shall file a motion seeking discovery, *which shall be limited to the issues presented in USFS's motion*, on an expedited basis." [Doc. 16 at 3 (emphasis added)].

On December 30, 2015, Dugas moved for an extension of time to file a response to USFS's motion. [Doc. 17]. The Court granted this motion by text order, giving Dugas until February 1, 2016 to file her response. [Text-Only Order entered Dec. 30, 2015].

On February 1, 2016, Dugas filed the present motions, seeking a second extension of time, up to and including March 17, 2016, to respond to USFS's Motion for Summary Judgment. [Doc. 19]. Dugas also moves the Court for an Order allowing her to conduct limited and expedited discovery. [Doc. 20]. Finally, Dugas moves the Court to lift the stay that is currently in place so as to allow her to file a Motion to Dismiss for Failure to Join Necessary Parties, and she requests that the Court adjudicate that motion before considering the USFS's Motion for Summary Judgment. [Doc. 24]. The Plaintiffs and the USFS oppose Dugas's motions.

## II. DISCUSSION

In its brief supporting its Motion for Summary Judgment, the USFS raises the following issues: (1) sovereign immunity; (2) failure to comply with the pleading requirements of the Quiet Title Act; (3) whether the law recognizes adverse possession claims against federal lands; and (4) whether rights of all persons other than the United States in the federal land at issue in this case were extinguished by the 1940 condemnation judgment and decree. Defendant Dugas' proposed discovery to the USFS does not address any of these issues. The proposed requests for admissions, request for production, and requested information for a deposition [Docs.20-2, 20-4]

all relate to the Plaintiffs' forestry plan or their use of the road, or interactions between the USFS and the Plaintiffs regarding the road since the Plaintiffs acquired their property in 1999 and 2009. None of this information is relevant to the issues raised by the USFS's motion. Further, Dugas has not explained why any of this information is relevant to the issues presented by the USFS in its motion. Accordingly, Dugas's motion for expedited discovery is denied.

With respect to Dugas's motion to lift the stay, as the Court noted previously [Doc. 16 at 3], the USFS's motion presents a threshold issue of subject matter jurisdiction that should be resolved before this case proceeds any further. For this reason, as well as the reasons stated in the USFS's Response [Doc. 26], Dugas's motion to lift the stay is also denied.

In light of the fact that the Court has denied Dugas's request for expedited discovery, the Court will allow Dugas only a limited extension of time to respond to the USFS's motion for summary judgment.

Accordingly, **IT IS, THEREFORE, ORDERED** that:

(1) The Second Motion for Extension of Time to Respond to U.S. Forestry Service's Motion to Dismiss and Alternative Motion for Summary Judgment [Doc. 19] is **GRANTED IN PART**, and Defendant and Third-Party

Plaintiff Terri Hope Dugas shall have an additional fourteen (14) days from the entry of this Order to respond to USFS's motion for summary judgment;

(2) The Motion for Expedited and Limited Discovery [Doc. 20] is **DENIED**; and

(3) The Motion to Lift Stay for Limited Purpose [Doc. 24] is **DENIED**.

**IT IS SO ORDERED.**

Signed: February 8, 2016

Martin Reidinger
United States District Judge