# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:15-cv-00228-MR

| | |
|---|---|
| JOHN W. RUTLAND III, <br> JOSEPH L. ELLEN and wife, <br> DONNA M. ELLEN, <br> CARL W. BRIDENSTINE and wife, <br> CYNTHIA S. BRIDENSTINE, <br><br>  Plaintiffs, <br><br>  vs. <br><br> TERRI HOPE DUGAS, <br> ANTHONY M. MILICI and wife, <br> PATHUMWAN MILICI, and <br> SELENA MICHELLE MILICI, <br><br>  Defendants, <br><br> TERRI HOPE DUGAS, <br><br>  Third-Party Plaintiff, <br><br>  vs. <br><br> UNITED STATES DEPARTMENT <br> OF AGRICULTURE – FOREST <br> SERVICE, ANTHONY PHILLIPS, <br> and JOSEPH and GLORIA HALL, <br><br>  Third-Party Defendants. | **MEMORANDUM OF** <br> **DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Motion of the United States Department of Agriculture, on behalf of itself and its department and agency, the United States Forest Service (collectively the "Federal Defendant") to dismiss this action as to the Federal Defendant pursuant to Rules 12(b)(1)

and 12(b)(6) of the Federal Rules of Civil Procedure, or in the alternative for summary judgment under Rule 56. [Doc. 12].

I.  **PROCEDURAL BACKGROUND**

On September 30, 2015, the Plaintiffs filed a Complaint and Immediate Request for Temporary Restraining Order against Defendants Terri Hope Dugas ("Dugas"), Anthony M. Milici and wife Pathumwan Milici, and Selena Michelle Milici, in the General Court of Justice for McDowell County, North Carolina, Superior Court Division. [Doc. 1-1]. In their Complaint, the Plaintiffs seek a judicial determination that they may access a road that traverses the Defendants' lands based upon prior prescriptive use or pursuant to North Carolina's Neighborhood Public Roads Act, N.C. Gen. Stat. § 136-67. [Id. at 12].

On October 7, 2015, Defendant Dugas filed her Answer, Counterclaims, and Third-Party Complaint, naming as third-party defendants the owners of adjoining properties through which the subject road also extends, including the "United States Department of Agriculture – Forest Service." [Doc. 1-4]. In her pleading, Dugas denies that the Plaintiffs have any right to access the portion of the subject road that traverses Dugas's property. Alternatively, however, Dugas alleges that if the Plaintiffs have such a right, either by virtue of an easement by prescription or by the road

being a neighborhood public road, then Dugas has similar rights over the road as it traverses the Forest Service's property. [Id. at ¶¶ 36, 46]. Shortly thereafter, Dugas removed the matter to this Court pursuant to 28 U.S.C. § 1442(a)(1).[1] [Doc. 1].

On December 8, 2015, the Federal Defendant filed a Motion to Dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). [Doc. 12]. Alternatively, the Federal Defendant moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. [Id.]. On December 18, 2015, this Court stayed the instant action pending resolution of the Federal Defendant's motion, and it announced its intent to treat the Federal Defendant's motion as one for summary judgment under Rule 56. [Doc. 16]. This Court also granted Dugas an extension of time to move for limited expedited discovery and to file her response. [Id.]. Dugas timely filed her response to the Federal Defendant's motion on February 22, 2016.[2] [Doc. 29]. On February 23, 2016, the Federal Defendant replied thereto. [Doc. 30].

---

[1] A civil action that is commenced in a State court and that is against the United States or any agency thereof may be removed to the district court. 28 U.S.C § 1442(a)(1).

[2] Dugas's response was timely pursuant to two additional extensions granted by this Court. [See Text-Only Order dated Dec. 30, 2015; Doc. 28].

3

Having been fully briefed by the parties, this matter is now ripe for disposition.

## II. STANDARD OF REVIEW

### A. Subject Matter Jurisdiction

Federal district courts are courts of limited jurisdiction. United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009). "Thus, when a district court lacks subject matter jurisdiction over an action, the action must be dismissed." Id. "The plaintiff has the burden of proving that subject matter jurisdiction exists." Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp., 166 F.3d 642, 647 (4th Cir. 1999). When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991) cert. denied, 503 U.S. 984 (1992). The moving party should prevail only where there are no material jurisdictional facts in dispute, and the moving party is entitled to judgment as a matter of law. Id.

**B.   Rule 12(b)(6)**

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the "legal sufficiency of a complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A complaint will survive a Rule 12(b)(6) challenge if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

**C.   Summary Judgment**

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Regardless of whether he may ultimately be responsible for proof and persuasion, the party seeking summary judgment bears an initial burden of demonstrating the absence of a genuine issue of material fact." Bouchat v. Baltimore Ravens Football

Club, Inc., 346 F.3d 514, 522 (4th Cir. 2003). If this showing is made, the burden then shifts to the non-moving party who must convince the Court that a triable issue does exist. Id. In considering the facts for the purposes of a summary judgment motion, the Court must view the pleadings and materials presented in the light most favorable to the nonmoving party and must draw all reasonable inferences in the nonmoving party's favor. Adams v. Trustees of the Univ. of N.C.-Wilmington, 640 F.3d 550, 556 (4th Cir. 2011).

**III. DISCUSSION**

District courts lack subject matter jurisdiction over suits against the United States except to the extent that Congress has expressly consented to waive the United States' immunity from suit. United States v. Mitchell, 445 U.S. 535, 538 (1980). "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text." Lane v. Pena, 518 U.S. 187, 192 (1996). Any such consent to be sued must be "construed strictly in favor of the sovereign." McMahon v. United States, 342 U.S. 25, 27 (1951). "The party who sues the United States bears the burden of pointing to an unequivocal waiver of immunity." Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995).[3]

---

[3] Rather than address this threshold issue raised by the Defendant, Dugas argues that "[d]ismissing the [Federal Defendant] will force the parties into an incomplete resolution of the parties' disputes regarding the use of the private road . . . ." [Doc. 29 at 2]. Whether

6

In the present case, Dugas's claim of a prescriptive easement is in essence a claim to quiet title. See Kinscherff v. United States, 586 F.2d 159, 160 (10th Cir. 1978); Burdess v. United States, 553 F. Supp. 646, 648-49 (E.D. Ark. 1982). The exclusive means to bring a quiet title action against land owned by the United States is the Quiet Title Act, 28 U.S.C. § 2409a. See Block v. North Dakota ex rel. Bd. of Univ. and Sch. Lands, 461 U.S. 273, 286 (1983); 28 U.S.C. § 1346(f). It is well-established, however, that the United States cannot be deprived of property under a claim of adverse possession. United States v. California, 332 U.S. 19, 39-40 (1947); Sea Hunt, Inc. v. Unidentified Shipwrecked Vessel, 221 F.3d 634, 642 (4th Cir. 2000). Indeed, the Quiet Title Act explicitly prohibits such actions. See 28 U.S.C. § 2409a(n) ("Nothing in this section shall be construed to permit suits against the United States based upon adverse possession."). Accordingly, the Court concludes that Dugas's claim based on a theory of a prescriptive easement is barred by the doctrine of sovereign immunity.

As for Dugas's claim that the road crossing the Forest Service property is a neighborhood public road pursuant to state law, the case of Switzerland

---

an incomplete resolution of the parties disputes may result, however, is not dispositive as to whether this Court has *subject matter jurisdiction*. In re Hemingway Transport, Inc. v. Kahn, 70 B.R. 549, 553 (D. Mass. 1987) ("even if the United States is deemed to be a necessary party, that position does not affect or constitute a waiver of sovereign immunity.").

7

Co. v. Udall, 337 F.2d 56 (4th Cir. 1964) is instructive. In the present case, as in Switzerland Co., third-party plaintiff "seek[s] a judgment declarative of [her] rights as against the United States" as to whether a certain roadway is a public roadway. Id. at 62. The Court of Appeals held in Switzerland Co. that such "action cannot be maintained because of the sovereign immunity of the United States." Id. In fact, the claim of the third-party plaintiff herein is less compelling than that of the plaintiffs in Switzerland Co. In that case, the Federal Government affirmatively blocked the roadway in question, yet the action was dismissed. Herein, the third-party plaintiff has not alleged any activity on the part of the Forest Service adverse to the third-party plaintiff's use of the road. This being a claim outside of the scope of the waiver of sovereign immunity by the United States, this claim must be dismissed.

Because Dugas's third-party claims are subject to dismissal on the ground of sovereign immunity the Court has no subject matter jurisdiction over this case. Therefore, the Court need not consider the Federal Defendant's remaining grounds for dismissal or its motion for summary judgment. Further, because Dugas' claims against the Federal Defendant served as the sole basis for this Court's original jurisdiction, and those claims are hereby dismissed, this matter must be remanded back to state court. See 28 U.S.C. § 1367(c)(3).

**O R D E R**

**IT IS, THEREFORE, ORDERED** that the Federal Defendant's Motion to Dismiss or in the alternative for Summary Judgment [Doc. 12] is **GRANTED IN PART**. Specifically, the Court **GRANTS** the Federal Defendant's Motion to Dismiss for lack of subject matter jurisdiction based on the sovereign immunity of the United States. In all other respects, the Federal Defendant's motion is **DENIED**.

**IT IS FURTHER ORDERED** that this matter is hereby **REMANDED** to the McDowell County General Court of Justice, Superior Court Division, for such further proceedings as may be required. The Clerk is respectfully directed to close this civil action.

**IT IS SO ORDERED.**

Signed: June 17, 2016

Martin Reidinger
United States District Judge